■ In the Matter of GARY T. (Anonymous), a Person Alleged to be a Juvenile Delinquent, Appellant.— Order of the Family Court, Kings County, dated July 19, 1967, which adjudged appellant a juvenile delinquent and suspended judgment, reversed on the law and the facts, and a new hearing ordered. On July 11, 1967 a Port of New York Authority patrolman petitioned the Family Court to adjudge appellant a juvenile delinquent, alleging that on July 10, 1967, appellant had committed acts which, had the appellant been an adult, would have constituted "Robbery & Violation 1851 Penal Law" (Family Ct. Act, art. 7). At the time of the patrolman's petition the

appellant appeared before the Family Court represented by a Law Guardian provided by the Legal Aid Society. At 'the request of the petitioner, the proceeding was adjourned to July 14, 1967. The court stated that it might not be necessary on the adjourned day to secure the presence of the alleged robbery victim, whose location was unknown, because, in the court's opinion, "there will be a case on the [charge of assault and resisting arrest]." On the adjourned day appellant appeared before the court with another attorney provided by the Society and acting as the appellant's Law Guardian. At the very beginning of the hearing the latter attorney informed the court that she was not prepared to represent the appellant. The court, without making any inquiry into that attorney's lack of preparation, insisted that the hearing proceed. After the petitioner was sworn, but before he testified, appellant's attorney requested permission to withdraw stating that, "I cannot represent the respondent whom I haven't spoke[n] to." Instead of responding to appellant's attorney's request, the court questioned the petitioner on direct examination and similarly examined another Port of New York Authority patrolman. When the court, stating that appellant was not being represented by his attorney, advised the appellant of his right to decline to testify, the appellant's attorney stated that, "The respondent is remaining mute." The court dismissed the petition insofar as it alleged robbery but found that the appellant had assaulted a Port of New York Authority patrolman and had resisted arrest by him. An order of adjudication and disposition was thereupon made adjudging the appellant a juvenile delinquent and suspending judgment, appellant's placement having been directed in connection with another proceeding before the court. In our opinion, appellant was denied the effective assistance of counsel. (*People* v. *Tomaselli*, 7 N Y 2d 350.) When, at the beginning of the adjudicatory hearing, the court was informed by appellant's attorney that she had not even spoken to the appellant, the court at the very least should have inquired into the reason why she was unprepared. Had the court done so it would have learned, unless the court already knew it, that appellant's attorney was not the Law Guardian who had been assigned to appellant on July 11. Clearly, absent a reasonable adjournment, the court was on notice that, if the hearing proceeded, appellant was in fact unrepresented by counsel. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.